8760

SEMINOLE MFG. CO. v. HOWARD.

*Ruled by case of ex rel. Piedmont Mfg. Co. v. Goldsmith.*

Before Bowman, J., Aiken.    Reversed.

Action by Seminole Mfg. Co. against H. H. Howard. Defendant appeals from the following order of Judge Bowman:

"Upon the return to the rule to show cause heretofore granted by me in this action, dated August 29, 1913, and it still being known to me that the Judge of the Second Judicial Circuit is not within said Second Judicial Circuit, I heard the same this day at Orangeburg upon the complaint and original affidavits filed by the plaintiffs and the return

to show cause filed by the defendants and affidavits, and, also, upon the affidavits filed by the plaintiffs in reply, and, also, upon the argument of counsel, and after due consideration of the case, I am satisfied, and so find, that the plaintiffs are entitled to a temporary injunction, as prayed for in the complaint.

"Under the sections of the Code of 1912, providing for the appointment of policemen at industrial communities, it seems to me to be clear that the policemen can be only appointed by the application of the executive officer of the corporation, and would only be removed upon the application of said officer.

"Besides this, if the construction of the law was that the sheriff had the right of removal, as the act does not give him the right of removal without a hearing, it is implied that he should give him a hearing, and in this case the sheriff admits that he is disqualified, because he has expressed an opinion upon the subject of removal, and hence the sheriff must be restrained from further proceedings. I find, also, that the sheriff is estopped by his own acts from saying that Marion Bell has not been regularly appointed, and is not qualified regular as an industrial constable.

"Wherefore, it is ordered that the rule to show cause heretofore granted herein, is made absolute, and that until the further order of the Court, H. H. Howard, as sheriff of Aiken county, be, and is hereby, restrained and enjoined from putting into effect his threatened removal of Marion Bell from the office of peace officer or deputy sheriff, at Clearwater, Aiken county, South Carolina; and from in any manner hindering or preventing him in executing the functions and duties of said office.

"Let all papers used at the hearing be filed with this order in the clerk's office."

*Mr. Jno. F. Williams,* for appellant, cites: *Right of removal:* Code 1912, sec. 1149; 76 S. C. 395; 92 S. C. 485;

13 Cyc. 1043; 78 S. C. 177; 4 Mun. 150; 31 N. W. 645; 36 Cyc. 1145, 1164; Ann Cas., 1913 D., 879n, 1209n.  *Right to injunction on rule to show cause:* 2 High 1325; 68 Am. St. R. 111; 26 Vol. 354; 42 Am. St. R. 234n; 78 S. C. 173; 66 S. C. 1; 86 S. C. 503; 75 S. C. 236.

*Messrs. Hendersons,* contra, cite: *Is injunction proper remedy?*  Throop on Public Officers, sec. 846; Beach on Inj., sec. 1380; Hilliard 443; High, sec. 1385; 61 Am. St. R. 896; 15 At. R. 730; 90 S. C. 5, 400.  *Right of appointment and removal:* 78 S. C. 177; 92 S. C. 455; Throop on Pub. Off., sec. 303; 21 Am. St. R. 561.  *Right to remove without hearing:* 92 S. C. 474; Throop on Pub. Off., secs. 378-9. *Removal should only be made by concurrent acts of sheriff and corporation:* 89 S. C. 113; 90 S. C. 5; 87 Am. St. R. 377; 12 M. E. 107; 92 S. C. 474.

March 20, 1914.  The opinion of the Court was delivered by

Mr. Chief Justice Gary.  This case is ruled by the decision which has just been filed, in the case of *ex rel. Piedmont Manufacturing Company* v. *Goldsmith et al., infra* 484.

Judgment reversed.

Mr. Justice Gage *did not sit.*